<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOSEPH F. TAMBURRINO, M.D., as an assignee and authorized representative of his patient L.K., and TAYLOR THEUNISSEN, M.D., as an authorized representative and attorney-in-fact of his patient B.W., on behalf of themselves and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>UNITEDHEALTH GROUP INC., UNITED HEALTHCARE SERVICES, INC., UNITED HEALTHCARE INSURANCE COMPANY, UNITED HEALTHCARE SERVICE LLC, OXFORD HEALTH PLANS, LLC, and OXFORD HEALTH INSURANCE, INC.,<br><br>      Defendants. | Civil Action No. 21-12766 (SDW) (ESK)<br><br>**OPINION**<br><br>April 25, 2022 |

**WIGENTON**, District Judge.

  Before this Court is Defendants UnitedHealth Group Inc., United Healthcare Services, Inc., United Healthcare Insurance Company, United Healthcare Service LLC, Oxford Health Plans, LLC, and Oxford Health Insurance, Inc. (collectively, "Defendants") Motion to Dismiss (D.E. 31) certain of the claims in Plaintiffs Joseph F. Tamburrino, M.D. ("Dr. Tamburrino") and Taylor Theunissen, M.D.'s ("Dr. Theunissen") (collectively, "Plaintiffs") First Amended Class Action Complaint (D.E. 28 ("Am. Compl.")) for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). This Court having considered the

parties' submissions, having reached its decision without oral argument pursuant to Rule 78, and for the reasons stated herein, Defendants' Motion to Dismiss is **GRANTED**.

I. <u>**FACTUAL HISTORY**</u>

Plaintiff Dr. Tamburrino is a board-certified plastic surgeon based in Pennsylvania. (*See* Am. Compl. ¶¶ 10, 12.) On or about June 26, 2018, Dr. Tamburrino and a co-surgeon performed a post-mastectomy breast reconstruction surgery on L.K., a patient enrolled in a health insurance plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and allegedly administered by all Defendants. (*Id.* ¶¶ 46-47, 54.) L.K. executed an assignment of benefits and a designation of authorized representative form in favor of Dr. Tamburrino for any claims, appeals, and litigation associated with the surgery. (*Id.* ¶ 13.) After the surgery, Dr. Tamburrino billed Defendants for the services he rendered, but Defendants denied reimbursement for fees related to the co-surgeon. (*Id.* ¶¶ 48-49.) Dr. Tamburrino twice appealed Defendants' decision, but Defendants "refus[ed] to consider them." (*Id.* ¶¶ 50-53.)

Plaintiff Dr. Theunissen is a board-certified plastic surgeon based in Louisiana. (*Id.* ¶¶ 14-15.) On September 24, 2018, Dr. Theunissen and a co-surgeon performed a breast reconstruction surgery on B.W., a patient insured through an ERISA-governed health benefit plan allegedly administered by all Defendants. (*Id.* ¶¶ 55-56, 63.) Dr. Theunissen claims B.W. executed a power of attorney in his favor (the "Purported POA") on or about September 27, 2021. (*Id.* ¶ 17 & Ex. B.)[1] Like Dr. Tamburrino, Dr. Theunissen billed Defendants after the surgery for

---

[1] On a motion to dismiss, "courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). A court may, however, look beyond the pleadings and "consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Id.* at 1196. Here, this Court considers L.K.'s assignment of benefits in favor of Dr. Tamburrino and B.W.'s Purported POA in favor of Dr. Theunissen (Am. Compl., Exs. A & B) because they are attached as exhibits to the Amended Complaint. This Court also considers L.K. and B.W.'s insurance plans (D.E. 31-1 & 31-4) because they are attached as exhibits to Defendants' motion and referenced in the Amended Complaint.

the services he rendered, but Defendants denied reimbursement for fees related to the co-surgeon. (*Id.* ¶¶ 57-58.) Dr. Theunissen appealed Defendants' decision, but Defendants upheld the denial. (*Id.* ¶¶ 59-62.)

Both L.K. and B.W.'s insurance plans state that they are "[o]ffered and [u]nderwritten by United Healthcare Insurance Company." (Am. Compl., Ex. A at 18 & Ex. B at 18.)

## II. PROCEDURAL HISTORY

On June 21, 2021, Plaintiffs instituted this putative class action challenging Defendants' alleged "uniform claim processing and reimbursement policy that denies coverage to United members whose plastic surgeons perform post-mastectomy DIEP flap microsurgery as either assistant surgeons or as co-surgeons." (D.E. 1 ¶ 6.) Defendants moved to dismiss the original complaint. (D.E. 11.) In response, Plaintiffs opposed Defendants' motion and cross-moved for leave to file an amended complaint (D.E. 25), which this Court granted (D.E. 26). On October 11, 2021, Plaintiffs filed the three-count Amended Complaint alleging wrongful denial of benefits under ERISA § 1132(a)(1)(B) (Count I), a claim for equitable relief under ERISA § 1132(a)(3)(A) (Count II), and a claim for equitable relief under ERISA § 1132(a)(3)(B) (Count III). (*See generally* Am. Compl.) On November 10, 2021, Plaintiffs moved to dismiss all of Dr. Theunissen's claims, all claims against UnitedHealth Group Inc., United Healthcare Services, Inc., United Healthcare Service LLC, Oxford Health Plans, LLC, and Oxford Health Insurance, Inc., and Counts II and III. (D.E. 31.) Plaintiffs opposed Defendants' motion (D.E. 32), and Defendants filed a reply (D.E. 33).

## III. LEGAL STANDARD

An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This Rule "requires more than labels and

3

conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

When considering a motion to dismiss under Rule 12(b)(6), a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009) (discussing the *Iqbal* standard). If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to show "that the pleader is entitled to relief" as required by Rule 8(a)(2). *Iqbal*, 556 U.S. at 679.

## IV. DISCUSSION

### A. Dr. Theunissen's Claims (All Counts)

#### 1. The Purported POA is Barred By the Terms of B.W.'s Insurance Plan.

Plaintiffs argue that Dr. Theunissen may assert all claims in Counts I, II, and III on behalf of B.W. pursuant to the Purported POA. (D.E. 32 at 4-12.) Defendants contend that all of Dr. Theunissen's claims must be dismissed because the Purported POA is in fact an assignment barred by the anti-assignment provision in B.W.'s insurance plan. (D.E. 31-1 at 13-20.)

In *Am. Orthopedic & Sports Med. V. Indep. Blue Cross Blue Shield*, the Third Circuit held "that anti-assignment clauses in ERISA-governed health insurance plans as a general matter are enforceable." 890 F.3d 445, 453 (3d Cir. 2018). In so finding, the Third Circuit noted that anti-assignment clauses do not preclude an insured from "grant[ing] a valid power of attorney" that "confer[s] on his agent the authority to assert [a] claim on his behalf." *Id.* at 455. The Third Circuit further explained that "[a]ssignments and powers of attorney differ in important respects with distinct consequences for the power of a plan trustee to contractually bind an insured." *Id.* at 454. Assignments "purport[] to transfer ownership of a claim to the assignee, giving it standing to assert those rights and to sue on its own behalf," while powers of attorney do "'not transfer an ownership interest in the claim.'" *Id.* at 454-55 (quoting *W.R. Huff Asset Mgmt. Co. v. Deloitte & Touche LLP*, 549 F.3d 100, 108 (2d Cir. 2008)). Rather, a power of attorney "simply confers on the agent the authority to act 'on behalf of the principal.'" *Id.* at 455 (quoting *In re Complaint of Bankers Tr. Co.*, 752 F.2d 874, 881 (3d Cir. 1984)).

Here, the Purported POA qualifies as an assignment, not a power of attorney, and is barred by the anti-assignment provision in B.W.'s insurance plan. Although the Purported POA is titled "Durable Power of Attorney," (Am. Compl., Ex. B at 2), read as a whole, it "purports to transfer ownership of" B.W.'s rights to recovery to Dr. Theunissen—an arrangement consistent with an assignment. *Am. Orthopedic & Sports Med.*, 890 F.3d at 454; *see also Pers. Image, PC v. Tech Briefs Media Grp. Med. Plan*, No. 20-3747, 2021 WL 486905, at *4 n.5 (D.N.J. Feb. 10, 2021) (noting alleged power of attorney "fail[ed] to function as a typical power of attorney because Plaintiff seeks to collect payment from T.R.'s insurance company, and not to act on [T.R.'s] behalf in a broader capacity to encompass other ERISA-based claims that are not barred by the anti-assignment clause") (internal citation and quotation marks omitted). In Article I of the Purported

5

POA, B.W. grants Dr. Theunissen "all of those powers needed, desired, or which could prove beneficial, expedient, and/or useful to enable" Dr. Theunissen "to lessen and/or eliminate any indebtedness, obligation, or financial liability owed by [B.W.] to" Dr. Theunissen's medical practice "through recovering reimbursement and/or receiving monies . . . that is in any way related to the healthcare services" Dr. Theunissen rendered to B.W.  (Am. Compl., Ex. B. at 2.)  The Purported POA further enables Dr. Theunissen to "seek[] past due contractual benefits, penalties, interests, and reimbursement of legal fees, costs, and expenses that [B.W.] and/or [Dr. Theunissen] incurred."  (*Id.*)  It imposes no "affirmative" obligation on Dr. Theunissen to act on B.W.'s behalf.  (*Id.* at 4.)  To the contrary, Article III of the Purported POA provides, in relevant part:

> Additionally, I explicitly state that [Dr. Theunissen] does not have any affirmative duty whatsoever to act or refrain from acting under this instrument or otherwise to (1) lessen and/or eliminate and [sic] indebtedness, obligation, or financial liability owed by me to Taylor B. Theunissen MD LLC; or (2) for any other purpose.

(*Id.*)

Read as a whole, the Purported POA effectively transfers B.W.'s interest in recovery to Dr. Theunissen.  While Plaintiffs note that the "general purpose" of the Purported POA is "to lessen and/or eliminate any indebtedness, obligation, or financial liability owed by" B.W. to Dr. Theunissen, (D.E. 32 at 8 (quoting Am. Compl., Ex B at 4)), this stated purpose does not necessarily distinguish it from an assignment of benefits.  Indeed, the Third Circuit has recognized that the "value" of an assignment of benefits "lies in the fact that providers . . . can treat patients without demanding they prove their ability to pay up front," and "[p]atients increase their access to healthcare and transfer responsibility for litigating unpaid claims to the provider, which will ordinarily be better positioned to pursue those claims."  *N. Jersey Brain & Spine Ctr. v. Aetna, Inc.*, 801 F.3d 369, 373 (3d Cir. 2015).  In essence, like an assignment, the Purported POA allows Dr. Theunissen to pursue B.W.'s claims as if they were his own, rather than on B.W.'s behalf.

6

B.W.'s plan, however, prohibits an insured from "assign[ing] your Benefits under the Policy or any cause of action related to your Benefits under the Policy to a non-Network provider without our consent." (D.E. 31-4 at 58.) Plaintiffs neither challenge the enforceability of this anti-assignment provision nor allege that Defendants consented to an assignment. (*See* D.E. 32 at 19.) Accordingly, Dr. Theunissen's claims brought pursuant to the Purported POA are barred by the plan's anti-assignment provision.

Plaintiffs' arguments in opposition do not alter this conclusion. According to Plaintiffs, the Purported POA is a valid power of attorney governed by Louisiana law.[2] (D.E. 32 at 9-12.) Even if this Court were to assume that the Purported POA comports with Louisiana law, B.W. and Dr. Theunissen's arrangement would still be precluded by the anti-assignment provision. As explained above, B.W.'s plan prohibits an insured from assigning his or her benefits or a cause of action related to those benefits to non-Network providers without consent. (D.E. 31-4 at 58.) The term "assign" means "[t]o convey in full; to transfer (rights or property)." Black's Law Dictionary (11th ed. 2019); *see also Atl. Shore Surgical Assocs. v. United Healthcare Ins. Co.*, No. 20-03065, 2021 WL 2411373, at *4 (D.N.J. June 14, 2021) (noting that "the word 'assignment' [in ERISA-governed plan] is a term of art connoting the 'transfer of rights or property'"). Here, the Purported POA functions like an assignment because it effectively transfers B.W.'s rights to recovery to Dr.

---

[2] In Louisiana, a power of attorney, otherwise known as a "procuration," is "a unilateral juridical act by which a person, the principal, confers authority on another person, the representative, to represent the principal in legal relations." La. Civ. Code art. 2987; *see also Tatum v. Riley*, 166 So. 3d 380, 384 (La. App. 2d Cir. 2015) (noting that Louisiana's "civil code uses the term procuration to designate the same contractual relationship" as the "common law term" of "power of attorney"). Procurations are "subject to the rules governing mandate to the extent that the application of those rules is compatible with the nature of the procuration." La. Civ. Code art. 2988. A "contract of mandate may serve the exclusive or the common interest of the principal, the mandatary, or a third person." La. Civ. Code art. 2991.

7

Theunissen.[3]  As such, the anti-assignment provision bars the arrangement set forth in the Purported POA.

### 2. Alternatively, Dr. Theunissen Lacks ERISA Standing.

Generally, "ERISA confers standing to sue on a plan 'participant,' 'beneficiary,' or 'fiduciary.'" *NJSR Surgical Ctr., L.L.C. v. Horizon Blue Cross Blue Shield of N.J., Inc.*, 979 F. Supp. 2d 513, 522 (D.N.J. 2013) (citing 29 U.S.C. § 1132(a)). "[H]ealth care providers . . . are not 'beneficiaries' or 'participants' as defined by ERISA, and thus these entities may not seek relief in their own name under the ERISA statute itself." *McCall v. Metro. Life Ins. Co.*, 956 F. Supp. 1172, 1185 (D.N.J. 1996). The Third Circuit has suggested, however, that "a patient could grant her provider a valid power of attorney to pursue claims for benefits on her behalf." *Plastic Surgery Ctr., P.A. v. Aetna Life Ins. Co.*, 967 F.3d 218, 228 (3d Cir. 2020) (citing *Am. Orthopedic & Sports Med.*, 890 F.3d at 454-55). A power of attorney "does not enable the grantee to bring suit in his own name." *N.J. Spine & Orthopedics, LLC v. Bae Sys., Inc.*, No. 19-10735, 2020 WL 491258, at *2 (D.N.J. Jan. 29, 2020) (internal citation and quotation marks omitted).

Here, even if this Court were to assume the Purported POA is a valid power of attorney, Dr. Theunissen's claims nevertheless must be dismissed for lack of ERISA standing. The Amended Complaint identifies Dr. Theunissen as a Plaintiff—not B.W., the patient and plan participant. (*See generally* Am. Compl.) Because "[a]n attorney in fact cannot litigate on their own behalf and for their own benefit," all claims asserted by Dr. Theunissen are dismissed. *N.J. Spine & Orthopedics, LLC*, 2020 WL 491258, at *2 (dismissing for lack of ERISA standing claims brought by healthcare provider pursuant to a power of attorney even though complaint caption

---

[3] This Court further notes that under the rules governing mandate, "[t]he mandatary is bound to deliver to the principal everything he received by virtue of the mandate, including things he received unduly." La. Civ. Code art. 3004.

8

stated healthcare provider was proceeding as an attorney in fact); *see also O'Brien v. Aetna, Inc.*, No. 20-05479, 2021 WL 689113, at *3 (D.N.J. Feb. 23, 2021) (same).[4]

## B. Breach of Fiduciary Duty Claims Under 29 U.S.C. §§ 1132(a)(3)(A) and 1132(a)(3)(B) (Counts II and III)

Defendants argue Counts II and III should be dismissed because they fail to identify the fiduciary duties Defendants allegedly breached and are duplicative of the Count I claim for denial of benefits. (D.E. 31-1 at 23-27.) To state a claim for breach of fiduciary duty under 29 U.S.C. § 1132(a)(3), a plaintiff "must plausibly allege three elements: that the defendant was a fiduciary under the Plan, that the defendant breached a fiduciary duty, and that the breach harmed [the plaintiff]." *Univ. Spine Ctr. v. Aetna Inc.*, No. 17-8160, 2018 WL 1409796, at *7 (D.N.J. Mar. 20, 2018). Here, Counts II and III must be dismissed because the Amended Complaint does not specify the fiduciary duties Defendants allegedly breached. To the contrary, it merely alleges, in conclusory fashion, that "United systematically violated the terms of the Class members' plans, and its own fiduciary duties, by adopting and implementing the Uniform DIEP Multiple Physician Denial Policy." (Am. Compl. ¶ 79.) While this Court has permitted parties to alternatively plead breach of fiduciary duty claims under § 1132(a)(3) and denial of benefits claims under § 1132(a)(1), it did so where the complaint identified the fiduciary duty at issue. *See Univ. Spine Ctr. v. Anthem Blue Cross Life & Health Ins. Co.*, No. 17-8711, 2018 WL 678446, at *2 (D.N.J. Feb. 2, 2018) (D.E. 1-1 ¶ 33) (alleging breach of the standard of care). In this case, the Amended Complaint does not specify the fiduciary duties Defendants allegedly breached and therefore fails

---

[4] While at least one court in this District has permitted a case to proceed in the healthcare providers' own names where the complaint indicated the claims were brought on behalf of patients, *see Somerset Orthopedic Assocs., P.A. v. Horizon Healthcare Servs., Inc.*, No. 19-8783, 2021 WL 3661326, at *5 (D.N.J. Aug. 18, 2021), the weight of authority suggests that suit must be brought in the patient's name. *See N.J. Spine & Orthopedics, LLC*, 2020 WL 491258, at *2; *O'Brien v. Aetna, Inc.*, 2021 WL 689113, at *3; *Lutz Surgical Partners PLLC v. Aetna, Inc.*, No. 15-02595, 2021 WL 2549343, at *6 (D.N.J. June 21, 2021) ("Plaintiffs also cannot establish ERISA standing by asserting a POA, because they are litigating in their own names, not on behalf of their patients.").

"to give [them] fair notice of what the ... claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal citation and quotation marks omitted). Accordingly, Counts II and III must be dismissed. *See Laufenberg v. Ne. Carpenters Pension Fund*, No. 17-1200, 2019 WL 6975090, at *11 (D.N.J. Dec. 19, 2019) (dismissing breach of fiduciary duty claim because "[t]he Third Amended Complaint does not identify the fiduciary duties that Defendants allegedly breached or any other malfeasance in connection with his Annuity Fund benefits"); *Akhlaghi v. Cigna Corp.*, No. 19-03754, 2019 WL 13067381, at *4 (N.D. Cal. Oct. 23, 2019) ("The Complaint . . . fails to identify the fiduciary duty or duties at issue. Simply referencing [Cigna's] overarching fiduciary duties is not sufficient . . . Rather, complaints that adequately allege claims under 29 U.S.C. § 1132(a)(3) consistently specify which fiduciary duties defendants breached.") (internal citation and quotation marks omitted).

### C. ERISA Claims Against Defendants Other Than United Healthcare Insurance Company (All Counts)

Defendants argue that all claims asserted against entities other than United Healthcare Insurance Company in Counts I, II, and III should be dismissed because these entities do not qualify as administrators or fiduciaries and for improper group pleading. (D.E. 31-1 at 27-36.)

For denial of benefits claims under 29 U.S.C. § 1132(a)(1)(B), "the proper defendant is the plan itself or a person who controls the administration of benefits under the plan." *Evans v. Emp. Benefit Plan, Camp Dresser & McKee, Inc.*, 311 F. App'x 556, 558 (3d Cir. 2009). For claims brought under 29 U.S.C. § 1132(a)(3), "the proper defendant could be a plan fiduciary." *Lutz Surgical Partners PLLC v. Aetna, Inc.*, No. 15-02595, 2021 WL 2549343, at *3 (D.N.J. June 21, 2021) (internal citation omitted). An ERISA "fiduciary" includes "a person" who "exercises any discretionary authority or discretionary control respecting management of such plan" or "has any

discretionary authority or discretionary responsibility in the administration of such plan." 29 U.S.C. § 1002(21)(A).

Here, the Amended Complaint fails to adequately allege that UnitedHealth Group Inc., United Healthcare Services, Inc., United Healthcare Service LLC, Oxford Health Plans, LLC, and Oxford Health Insurance, Inc. are proper defendants under ERISA. Plaintiffs contend these five Defendants may be held liable as administrators under § 1132(a)(1)(B) and fiduciaries under § 1132(a)(3) because they played a "role in the enactment and application of" the alleged co-surgeon reimbursement policy. (D.E. 32 at 28, 36.) This argument, however, has been rejected in similar cases involving §§ 1132(a)(1)(B) and 1132(a)(3) claims. Indeed, in *Doe v. United Health Grp. Inc.*, the court found that "entities within the United and Oxford Health corporate families" were not proper defendants under ERISA merely because they "took part in administering [the plaintiff's] plan by creating and imposing [a] discriminatory [reimbursement] policy." No. 17-4160, 2018 WL 3998022, at *2-3 (E.D.N.Y. Aug. 20, 2018). There, as here, the plaintiffs did "not allege that the . . . defendants are plan administrators, trustees of the plan, or claims administrators that exercise total control over the benefits denial process—the only proper parties for ERISA claims under 29 U.S.C. §§ 1132(a)(1)(b), 1132(a)(3)." *Id.* The court further noted that "setting provider reimbursement rates" is not "a fiduciary function." *Id.* at *4. Accordingly, Plaintiffs' allegations that the non-United Healthcare Insurance Company entities "played a role" in the creation and implementation of the co-surgeon reimbursement policy are insufficient to plead ERISA claims against them under §§ 1132(a)(1)(B) and 1132(a)(3).

Moreover, to the extent Plaintiffs argue any of these five entities are proper defendants simply by virtue of their status as corporate affiliates of United Healthcare Insurance Company, that argument is similarly unavailing. *See Lutz Surgical Partners PLLC*, 2021 WL 2549343, at *4

(D.N.J. June 21, 2021) ("The alleged fiduciary breach of its subsidiary Aetna Health is irrelevant. . . . [A] holding company of an ERISA fiduciary does not automatically share the subsidiary's fiduciary duties.") (internal citation and quotation marks omitted).

Finally, Plaintiffs cannot avoid dismissal of the non-United Healthcare Insurance Company entities by asserting allegations against Defendants as a group. Throughout the Amended Complaint, Plaintiffs "treat[]" all of the Defendants "as a single, unitary entity, and fail[] to identify precisely what acts each individual defendant undertook to . . . justify liability" against it. *Integrated Micro-Chip Elecs. Mexico v. Lantek Corp.*, No. 18-14112, 2019 WL 4668036, at *2 (D.N.J. Sept. 24, 2019). Such "group pleading does not satisfy Rule 8, because it does not place Defendants on notice of the claims against each of them." *Id.* (internal citation and quotation marks omitted). By failing to make particularized allegations against each Defendant, Plaintiffs have not met their burden under Rule 8.[5]

## V. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is **GRANTED without prejudice**. Plaintiffs shall have one final opportunity to amend their complaint curing the defects identified herein. Any amended pleading must be filed within thirty (30) days. An appropriate order follows.

                                          /s/ Susan D. Wigenton
                                **SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Parties
      Edward S. Kiel, U.S.M.J.

---

[5] To the extent Plaintiffs argue this Court should "apply a relaxed pleading standard" because information concerning Defendants' corporate structure is within Defendants' "exclusive knowledge or control," (*see* D.E. 32 at 35), this argument is unpersuasive. The Amended Complaint is devoid of any allegation that Plaintiffs lack access to such information, and Plaintiffs concede they are in possession of the relevant insurance plans, both of which expressly state they are "[o]ffered and [u]nderwritten by United Healthcare Insurance Company." (D.E. 32 at 38; Am. Compl., Ex. A at 18 & Ex. B at 18.)