<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOSEPH F. TAMBURRINO, M.D., as an assignee and authorized representative of his patient L.K., and BARBARA WILLIAMS, on behalf of themselves and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>UNITED HEALTHCARE INSURANCE COMPANY,<br><br>      Defendant. | Civil Action No. 21-12766 (SDW) (LDW)<br><br>**OPINION**<br><br>January 28, 2026 |

**WIGENTON**, District Judge.

Before this Court is Plaintiff Barbara Williams's ("Plaintiff") Motion for Class Certification (D.E. 119 ("Mot.")) pursuant to Federal Rule of Civil Procedure ("Rule") 23. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e). Venue is proper pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 1132(e). This opinion is issued without oral argument pursuant to Rule 78 and Local Civil Rule 78.1. For the reasons stated herein, Plaintiff's Motion is **DENIED.**

 **I.** <u>**FACTUAL AND PROCEDURAL BACKGROUND**</u>[1]

---

[1] This Court also incorporates the background sections from its opinions dated April 25, 2022, and January 26, 2023. (D.E. 35 at 1–3 ("April 25 Opinion"); D.E. 51 at 1–2 ("January 26 Opinion")).

1

Plaintiff's Motion arises out of her claim that Defendant denied coverage to herself and all of the putative class members because of its application of a denial policy that relies on inapplicable Medicare billing and coding guidelines. Specifically, Plaintiff contends that Defendant relied on Medicare billing and coding guidelines, rather than using HCPCS S2068, the billing code created for DIEP flap microsurgery.

Plaintiff is enrolled in a health insurance plan governed by the Employee Retirement Income Security Act ("ERISA") and allegedly administered by Defendant. On September 24, 2018, Drs. Taylor Theunissen and Alireza Sadeghi performed, as co-surgeons, a post-mastectomy delayed bilateral breast reconstruction with deep inferior epigastric perforator ("DIEP") flap microsurgery on Plaintiff. (D.E. 37 ¶ 51.) After the surgery, Drs. Theunissen billed Defendant for the services he rendered. (*Id.* ¶¶ 52-53.) Defendant denied reimbursement for services performed by Drs. Theunissen and Sadeghi because they operated as co-surgeons. (*Id.*) Dr. Theunissen appealed Defendant's decision, but Defendant upheld the denial. (*Id.* ¶¶ 54-57.)

On June 21, 2021, then-named Plaintiffs[2], Dr. Joseph Tamburrino and Dr. Theunissen, instituted this putative class action challenging then-named Defendants alleged "uniform claim processing and reimbursement policy that denies coverage to United members whose plastic surgeons perform DIEP flap microsurgery as either assistant surgeons or as co-surgeons."[3] (D.E. 1 ¶ 6.) Defendants moved to dismiss the original complaint. (D.E. 11.) In response, Plaintiffs

---

[2] The original Complaint and First Amended Complaint ("FAC") named as plaintiffs Drs. Joseph Tamburrino and Taylor Theunissen. (D.E. 1, 28.) The named plaintiffs in the Second Amended Complaint were Dr. Tamburrino and Barbara Williams. (D.E. 37.)

[3] The original Complaint and FAC named as defendants the following six entities: United Healthcare Insurance Company, UnitedHealth Group Inc., United Healthcare Services, Inc., United Healthcare Service LLC, Oxford Health Plans, LLC, and Oxford Health Insurance, Inc. (D.E. 1, 28.) The sole defendant named in the SAC is United Healthcare Insurance Company. (D.E. 37.)

opposed Defendants' motion and cross-moved for leave to file an amended complaint, (D.E. 25), which this Court granted, (D.E. 26).

On October 11, 2021, the same Plaintiffs filed a three-count First Amended Class Action Complaint ("FAC") alleging wrongful denial of benefits under 29 U.S.C. § 1132(a)(1)(B) (Count I), a claim for equitable relief under 29 U.S.C. § 1132(a)(3)(A) (Count II), and a claim for equitable relief under 29 U.S.C. § 1132(a)(3)(B) (Count III).[4] (*See generally* D.E. 28.) On November 10, 2021, the same then-named Defendants again moved to dismiss all of Dr. Theunissen's claims, all claims against UnitedHealth Group Inc., United Healthcare Services, Inc., United Healthcare Service LLC, Oxford Health Plans, LLC, and Oxford Health Insurance, Inc., and Counts II and III. (D.E. 31.) On April 25, 2022, this Court granted Defendants' motion to dismiss and specifically provided Plaintiffs with "one final opportunity to amend the complaint" to cure the deficiencies therein. (D.E. 35 at 12.)

On May 25, 2022, Plaintiffs Dr. Tamburrino and Barbara Williams filed the Second Amended Complaint ("SAC"), in which they allege the same three counts as in the FAC against only Defendant United Healthcare Insurance Company. (D.E. 37.) On June 22, 2022, Defendant moved to partially dismiss the SAC because Plaintiffs failed to adequately plead a breach of fiduciary duty by Defendant or any other theory of liability that would warrant additional equitable relief under Section 502(a)(3) (Counts II and III). (D.E. 42.) On January 26, 2023, this Court issued an Opinion granting Defendant's partial motion to dismiss and dismissed Counts II and III with prejudice. (D.E. 51.) On November 14, 2024, Dr. Tamburrino voluntarily dismissed his claims against Defendant, leaving Plaintiff Williams as the sole plaintiff and proposed class representative. (D.E. 103.) On July 1, 2025, Plaintiff filed the instant Motion to certify this case

---

[4] Hereinafter, 29 U.S.C. § 1132(a) will be referred to as ERISA § 502(a).

3

to proceed as a class action pursuant to Rule 23(b)(1) or (2).  (*See* D.E. 119 and D.E. 120.)  Plaintiff seeks to certify the following class:

> All people in the United States who were a member of a health benefit plan governed by ERISA (a) whose request for coverage for DIEP Flap surgery was denied by UHIC on or after June 21, 2015; where (b) such denial was based on UHIC's Co-Surgeons/Team Surgeon Policy, Assistants-at-Surgery Policy, or UHIC's Breast Reconstruction Policy; and (c) such denial was not reversed on administrative appeal.

The parties timely completed briefing.

## II.      LEGAL STANDARD

A "party proposing class-action certification bears the burden of affirmatively demonstrating by a preponderance of the evidence ... compliance with the requirements of Rule 23." *Byrd v. Aaron's Inc.*, 784 F.3d 154, 163 (3d Cir. 2015), *as amended* (Apr. 28, 2015) (citing *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013)).  Specifically, "every putative class action must satisfy the four requirements of Rule 23(a) and the requirements of either Rule 23(b)(1), (2), or (3)."  *Marcus v. BMW of N. Am., LLC*, 687 F.3d 583, 590 (3d Cir. 2012).  Under Rule 23(a), a class may be certified only if:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P 23(a)(1)–(4).  These requirements are, respectively, referred to as the numerosity, commonality, typicality, and adequacy requirements.  *See, e.g.*, *Marcus*, 687 F.3d at 590–91.  Under Rule 23(b)(2), a class action may be maintained if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or

corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). Additionally, under Rule 23(b)(2), a plaintiff must show the class claims are cohesive among the class members. *See Gates v. Rohm & Haas Co.*, 665 F.3d 255, 263-64 (3d Cir. 2011).

### III.      DISCUSSION

#### A. Numerosity

A party seeking class certification must show that "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "No minimum number of plaintiffs is required to maintain a suit as a class action, but generally if the named plaintiff demonstrates that the potential number of plaintiffs exceeds 40, the first prong of Rule 23(a) has been met." *Stewart v. Abraham*, 275 F.3d 220, 226–27 (3d Cir. 2001). Plaintiff alleges the numerosity requirement is satisfied because discovery revealed thousands of claims that were denied due to Defendant's reimbursement policy at issue. (D.E. 120 ("Mov. Br.") at 32.) Defendant does not dispute whether Plaintiff satisfies the numerosity requirement. Accordingly, the numerosity requirement is satisfied because the claims data produced by Defendant demonstrates a sufficient number of potential plaintiffs.

#### B. Commonality

Plaintiff states that several questions of law and fact are common to all class members. Specifically, Plaintiff alleges common issues are: (1) whether Defendant maintained uniform surgical team policies that resulted in systemic denials of covered claims; (2) whether Defendant's policy violates ERISA; and (3) whether Defendant's denial of coverage for assistants-at-surgery and co-surgeons violates the terms of the plans at issue. (Mov. Br. at 34.) In response, Defendant asserts that Plaintiff fails to satisfy the commonality requirement because the alleged class-wide injury cannot be resolved without individualized inquiries because of variations in plan language.

5

(D.E. 123 ("Opp. Br.") at 30.) Plaintiff counters that the variations in plan language are immaterial because the class members suffered the same injury and were deprived of the coverage promised in their plan documents. (D.E. 126 ("Reply Br.") at 5, 16.)

Rule 23(a) requires that Plaintiff identify "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). The commonality requirement is met "if the named plaintiffs share at least one question of fact or law with the grievances of the prospective class." *In re Schering Plough Corp. ERISA Litig.*, 589 F.3d 585, 596–97 (3d Cir. 2009) (citing *Baby Neal v. Casey*, 43 F.3d 48, 56 (3d Cir. 1994)). However, the claims of the class members " 'must depend upon a common contention ... [which] must be of such a nature that it is capable of class-wide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke.' " *Mielo v. Steak 'n Shake Operations, Inc.*, 897 F.3d 467, 489 (3d Cir. 2018) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349-50 (2011)) (emphasis added).

Here, importantly, Plaintiff seeks class certification to pursue her claims for benefits under ERISA § 502(a)(1)(B). To assert a claim under ERISA § 502(a)(1)(B), a plan participant must demonstrate that "he or she ... ha[s] a right to benefits that is legally enforceable against the plan," and that the plan administrator improperly denied those benefits. *Fleisher v. Standard Ins. Co.*, 679 F.3d 116, 120 (3d Cir. 2012). The Supreme Court has held that "a denial of benefits challenged under [ERISA] is to be reviewed under a de novo standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). If the plan gives the administrator or fiduciary discretionary authority to make eligibility determinations, a court reviews its decisions under an abuse-of-discretion (or arbitrary and capricious) standard.

6

*Viera v. Life Ins. Co. of N. Am.*, 642 F.3d 407, 413 (3d Cir. 2011) (citing *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 111 (2008)). "Whether a plan administrator's exercise of power is mandatory or discretionary depends upon the terms of the plan." *Luby v. Teamsters Health, Welfare, & Pension Trust Funds*, 944 F.2d 1176, 1180 (3d Cir. 1991). Therefore, to determine whether the plan administrator improperly denied benefits, a court must determine the applicable standard of review.

This Court agrees with Defendant that the question of which standard of review applies to the members' plan cannot be resolved on a class-wide basis and as such, Plaintiff fails to satisfy the commonality requirement. Courts in this district have found that a proposed class fails to satisfy the commonality requirement when a court is required to engage in individualized inquiries to resolve the class members' claims. *See e.g.*, *Lipstein v. UnitedHealth Grp.*, 296 F.R.D. 279, 288 (D.N.J. 2013) (finding that no single common answer could possibly answer the class members' claims because the court would need to make individual determinations after analyzing each plan's language and potentially other evidence relevant to each claim); *see also Wragg v. Ortiz*, 462 F. Supp. 3d 476, 515 (D.N.J. 2020) (stating that plaintiffs failed to satisfy the commonality requirement because the court would be required to engage in an intensive, multi-step, individualized inquiry as to whether each prisoner met criteria for conditional release). Here, this Court cannot determine which plans reserve discretion without reviewing the plan language of each members' plan, and Plaintiff offers no method of identifying plans that reserve discretion on a class-wide basis. As such, determining which standard of review applies to each plan would require an individualized, fact-specific inquiry, as this Court would have to review each individual plan to ascertain which plans reserve discretion and how far that discretion extends.

Although Plaintiff contends that the variations in plan language are immaterial, the difference in whether this Court should apply a de novo, arbitrary and capricious, or a more deferential standard of review could materially impact the outcomes of each class member's claim. Accordingly, the claims of the class members cannot be resolved in a single stroke and Plaintiff fails to establish the Rule 23(a) prerequisite of commonality. *See Mielo v. Steak 'n Shake Operations, Inc.*, 897 F.3d 467, 489 (3d Cir. 2018) (stating that class members' claims must "depend upon a common contention" that "is capable of class wide resolution ... in one stroke) (internal citation omitted). Therefore, Plaintiff's Motion for Class Certification is denied. *See Marcus v. BMW of N. Am., LLC*, 687 F.3d 583, 590 (3d Cir. 2012) ("[E]very putative class action must satisfy the four requirements of Rule 23(a) . . ."). Notwithstanding, this Court shall address the remaining factors.

### C. Typicality

Typicality requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). This requirement "ensur[es] that the class representatives are sufficiently similar to the rest of the class—in terms of their legal claims, factual circumstances, and stake in the litigation—so that certifying those individuals to represent the class will be fair to the rest of the proposed class." *In re Schering Plough Corp. ERISA Litig.*, 589 F.3d 585, 598 (3d Cir. 2009) (citations omitted). In determining whether the typicality requirement for class certification is satisfied, courts must address three concerns:

> (1) the claims of the class representative must be generally the same as those of the class in terms of both (a) the legal theory advanced and (b) the factual circumstances underlying that theory; (2) the class representative must not be subject to a defense that is both inapplicable to many members of the class and likely to become a major focus of the litigation; and (3) the interests and incentives of the representative must be sufficiently aligned with those of the class.

*Marcus v. BMW of N. Am., LLC*, 687 F.3d 583, 598 (3d Cir. 2012) (citing *Schering Plough*, 589 F.3d at 597-99). "It is well-established that a proposed class representative is not 'typical' under Rule 23(a)(3) if 'the representative is subject to a unique defense that is likely to become a major focus of the litigation.' " *Schering Plough*, 589 F.3d at 598 (quoting *Beck v. Maximus, Inc.*, 457 F.3d 291, 301 (3d Cir. 2006)).

Plaintiff asserts that she satisfies the Rule 23(a)(3) typicality requirement because Plaintiff makes the same legal argument and alleges the same unlawful conduct as putative class members. (Mov. Br. at 30.) Defendant contends that Plaintiff fails to satisfy Rule 23(a)(3)'s typicality requirement because there are defenses applicable to the class that may not be applicable to Plaintiff. (Opp. Br. at 29-32.) Specifically, Defendant highlights that the variety of limitation periods in members' plans demonstrate that some class members' claim may be untimely. (*Id.*)

Here, Plaintiff seeks to certify a class dating back to June 21, 2015. However, as demonstrated by the sample claims[5], there is a wide variety of limitation periods amongst the members' plans, ranging from a three-year limitation period to a one-year limitation period. Consequently, several class members' claims would be time barred. Despite the time-barred claims, Plaintiff argues that statute of limitation issues do not defeat typicality. However, the Third Circuit has highlighted that statute of limitation issues overlap with certain Rule 23 requirements; and may preclude a finding of typicality where the proposed class includes numerous class members with untimely claims, thereby rendering the named plaintiff's timely claims atypical. *See In re Cmty. Bank of N. Virginia*, 622 F.3d 275, 293 (3d Cir. 2010). Based on the sample claims

---

[5] In response to Plaintiff's claims, Defendant produced claims data for the time period of January 2018 to July 2023 that contained claims for ERISA plans whose members submitted claims for DIEP flap microsurgery under the HCPCS S2068 code with co-surgeon or assistant surgeon modifiers. From the produced claims data, the parties agreed upon a sample of 30 DIEP flap microsurgery claim denials, including Plaintiff, as the "Member Sample."

9

and thousands of putative class members, it is likely that the numerous class members with untimely claims could render Plaintiff's timely claims atypical. Regardless, this Court need not render a decision on this element because certification is denied on other dispositive grounds.

### D. Adequacy

To show adequacy, the named plaintiffs must show that they will "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This inquiry is twofold. First, "the named plaintiffs' interests must be sufficiently aligned with the interests of the absentees." *Beneli v. BCA Fin. Servs., Inc.*, 324 F.R.D. 89, 98 (D.N.J. 2018) (citing *In re General Motors*, 55 F.3d 768, 800 (3d Cir. 1995)). Second, "the plaintiff's counsel must be qualified to represent the class." *Id.* "The party challenging representation bears the burden of proving the representation is not adequate." *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 962 F. Supp. 450, 519 (D.N.J. 1997).

Here, Defendant raises significant concerns regarding Plaintiff's ability to serve as class representative. First, Defendant highlights that the relief sought by Plaintiff, reprocessing of claims, may be harmful to some class members as they could be worse off financially while providers may be better off financially. (Opp. Br. at 41.) Second, Defendant points to Plaintiff's sworn deposition testimony where Plaintiff expressed doubts or an unwillingness to serve as a class representative. (*Id.* at 43.) Plaintiff counters that Defendant's arguments are speculative and mischaracterizes Plaintiff's testimony. (Reply Br. at 18.) While there may be issues concerning Plaintiff's ability to adequately protect the interests of the class, this Court need not reach a decision at this time, as certification is denied on other grounds.

### E. Rule 23(b) Requirements

This Court need not address whether Plaintiff has met the requirements of Rule 23(b), because Plaintiff has not met the prerequisite requirements of Rule 23(a).

## IV.    CONCLUSION

For the reasons stated above, Plaintiff's Motion for Class Certification is **DENIED**. An appropriate order follows.

                                                   /s/ Susan D. Wigenton
                                 **SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc:    Parties
       Leda D. Wettre, U.S.M.J.