<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH F. TAMBURRINO, M.D., as an assignee and authorized representative of his patient L.K., and BARBARA WILLIAMS, on behalf of themselves and on behalf of all others similarly situated,<br><br>             Plaintiffs,<br><br>v.<br><br>UNITED HEALTHCARE INSURANCE COMPANY,<br><br>             Defendant. | Civil Action No. 21-12766 (SDW) (LDW)<br><br>**WHEREAS OPINION**<br><br>April 22, 2026 |

**WIGENTON**, District Judge.

**THIS MATTER** having come before this Court upon Plaintiff Barbara Williams's ("Plaintiff") Motion for Reconsideration (D.E. 143) filed in connection with this Court's January 28, 2026 Opinion (D.E. 140 ("Opinion")) denying Plaintiff's Motion for Class Certification (D.E. 119), and this Court having reviewed Plaintiff's brief in support of her Motion for Reconsideration (D.E. 143) and Defendant United Healthcare Insurance Company's ("Defendant") brief in opposition (D.E. 144); and

**WHEREAS** "[t]he purpose of a motion for reconsideration is 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (quoting *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). A motion for reconsideration has merit only when the movant shows "(1) an intervening change in

1

controlling law; (2) the availability of new evidence; or (3) the need to correct [a] clear error of law or prevent manifest injustice." *Id.* Motions for reconsideration are "extremely limited procedural vehicle(s)" that are to be granted "very sparingly." *Clark v. Prudential Ins. Co. of Am.*, 940 F. Supp. 2d 185, 189 (D.N.J. 2013); and

**WHEREAS** in the instant Motion for Reconsideration, Plaintiff asserts that new evidence supports reconsideration. To permit reconsideration when new evidence becomes available, the moving party must present new evidence that would alter the disposition of the case. *Interfaith Cmty. Org. Inc. v. PPG Indus., Inc.*, 702 F. Supp. 2d 295, 317 (D.N.J. 2010). Additionally, the moving party has the burden of demonstrating the evidence was unavailable or unknown at the time of the original hearing. *Id.* (internal citations omitted).

**WHEREAS** Plaintiff contends that Defendant's August 2025 policy change provides a basis for reconsideration because the policy change affects reimbursements for future deep inferior epigastric perforator ("DIEP") flap surgeries. Here, Plaintiff does not meet her burden of demonstrating that the evidence was unavailable prior to this Court's Opinion. As stated by Plaintiff, the policy change was announced in August 2025, which was well before this Court's January 28, 2026 ruling. Plaintiff had sufficient time to alert this Court of the policy change but decided not to do so. Thus, the August 2025 policy change is not "new evidence" for reconsideration purposes; and

**WHEREAS** even if considered "new evidence," the August 2025 policy change would not have altered this Court's basis for denying class certification. First, Plaintiff does not explain how the August 2025 policy change for future claims would impact the claims at issue, which took place years before the policy change became effective. Simply put, the policy change is inapplicable to Plaintiff's claims. Next, this Court declined to certify Plaintiff's proposed class

2

because of substantial variation in plan language that would dictate the standard of review applicable to each class members' claim.  The policy change, which affects how future claims are covered and reimbursed, would still require this Court to undertake individualized inquiries to determine which plans reserve discretion and how far that discretion extends; and

**WHEREAS** Plaintiff further argues that this Court erred in its Opinion by misapplying Federal Rule of Civil Procedure ("Rule") 23(a)(2) and improperly applying a predominance inquiry in determining that commonality did not exist.  This Court rejects Plaintiff's argument and finds no error in its application of Rule 23(a)(2).  Furthermore, Plaintiff has already appealed this Court's decision on the issue of commonality, which will be addressed in due course; and

**WHEREAS** the remainder of Plaintiff's Motion for Reconsideration fails to identify any intervening change in the relevant law, new evidence that was unavailable at the time this Court entered its Order, or an error of fact or law that, if left uncorrected, would result in manifest injustice; therefore,

Plaintiff's Motion for Reconsideration is **DENIED**.  An appropriate order follows.

/s/ Susan D. Wigenton
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:  Clerk
cc:    Leda D. Wettre, U.S.M.J.
       Parties

3